UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT HENDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA MEDICAL FACILITY,<br><br>　　　　Defendant. | No.  2:21-cv-0790 WBS KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff also paid the filing fee in full.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

<u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

   Plaintiff's allegations are unclear. In his first claim, plaintiff writes "access to court," marking the Access to the court box, but also marked the box for "Medical care," adding what

////

2

appears to be the word "mistake."  (ECF No. 1 at 3.)  Plaintiff includes no other factual allegations.

In his second claim, plaintiff claims negligence "regarding various types of claims," marking the box for "Access to the court."  (ECF No. 1 at 4.)  Plaintiff writes that the doctor walked off the grounds with all the medical documents which caused the denial of plaintiff's claim.  Then plaintiff received a letter from DGS General Services to re-file on claim number 2006493.  Plaintiff adds that he exhausted his administrative remedies stating his 602 was done and mailed to D.G.S.  (ECF No. 1 at 4.)

Plaintiff requests that his case be "forwarded to the next level to the civil claims court," and states he will settle for $2500.00 out of court.  (ECF No. 1 at 6.)

Discussion

  Improper Defendant

Plaintiff names only the California Medical Facility as a defendant.  However, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against the California Medical Facility are frivolous and must be dismissed.

  Access to Courts Claim

While plaintiff claims he is raising an access to the courts claim, he includes no allegations supporting such a cause of action.  The standards governing access to courts claims are as follows:

Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354.  The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions.  See Lewis, 518 U.S. at 353 n.3, 354-55.  In order to frame a claim of a denial of the right to access the courts, a prisoner must

1    establish that he has suffered "actual injury," a jurisdictional requirement derived from the
2    standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to
3    contemplated or existing litigation, such as the inability to meet a filing deadline or to present a
4    claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v.
5    Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous
6    legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing
7    Lewis, 518 U.S. at 353 & n.4).
8        Thus, to the extent plaintiff is attempting to allege that someone at the prison interfered
9    with plaintiff's ability to file a claim with the California Department of General Services, such
10   allegation fails to state a cognizable access to the courts claim because it does not involve a direct
11   criminal appeal, habeas corpus proceedings, or a civil rights action under 42 U.S.C. § 1983.

12   Medical Claim

13   Plaintiff includes no factual allegations that would support an Eighth Amendment claim
14   concerning medical care. Indeed, as the standards below demonstrate, allegations of negligence
15   or mistakes are insufficient to state a cognizable Eighth Amendment claim.

16   Governing Standards

17   The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S.
18   Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual
19   punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986);
20   Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Accidents or negligence do not constitute cruel
21   and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good
22   faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."
23   Whitley, 475 U.S. at 319.
24   If a prisoner's Eighth Amendment claim arises in the context of medical care the prisoner
25   must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference
26   to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has
27   two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's
28   response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1059. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Id. (internal citations omitted).

### California Government Claim

To the extent plaintiff is attempting to file, or seeking information about filing, a government claim for compensation from the State of California, plaintiff must file such claim with the appropriate state agency. This court has no involvement with the California Department of General Services and cannot forward plaintiff's case to the "next level" or to "the civil claims court" as plaintiff requests in his complaint.

### Exhaustion of Administrative Remedies

Finally, plaintiff is advised that mailing his 602 appeal to the California Department of General Services does not exhaust administrative remedies as to incidents arising within the prison which plaintiff contends violates his constitutional rights or federal law.

Prisoners are required to exhaust all available administrative remedies prior to filing suit. Ross v. Blake, 136 S. Ct. 1850, 1857, 1859 (2016); Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 736, 741 (2001).

Therefore, before plaintiff may proceed with a civil rights action in this court, he must raise his allegations in a 602 appeal and exhaust his administrative remedies through the second level of review at the California Department of Corrections and Rehabilitation Office of Appeals.[1]

---

[1] On March 25, 2020 (effective June 1, 2020), California Code of Regulations, title 15, sections 3084 through 3084.9 were repealed, and replaced and renumbered with amended sections 3480

1   <u>Leave to Amend</u>

2         The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
3 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
4 court determines that the complaint does not contain a short and plain statement as required by
5 Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint
6 must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Cmty.</u>
7 <u>Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some
8 degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>
9 Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint
10 must be dismissed.  The court will, however, grant leave to file an amended complaint.

11         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
12 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>See, e.g.</u>,
13 <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
14 each named defendant is involved.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  There can be no
15 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
16 defendant's actions and the claimed deprivation.  <u>Rizzo</u>, 423 U.S. at 371; <u>May v. Enomoto</u>, 633
17 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official
18 participation in civil rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,
19 268 (9th Cir. 1982).

20         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
21 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
22 complaint be complete in itself without reference to any prior pleading.  This requirement exists
23 because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Ramirez</u>

---

through 3487.  Thus, since June 1, 2020, the California prison grievance system has two levels of review.  Cal. Code Regs. tit. 15, §§ 3483, 3486.  "Completion of the review process by the Office of Appeals resulting in a decision of 'denied,' 'granted,' 'no jurisdiction,' 'identified as staff misconduct,' 'pending legal matter,' or 'time expired' in accordance with subsections (g)(1) through (g)(3) and (g)(8) through (g)(10) of this section constitutes exhaustion of all administrative remedies available to a claimant within the department."  Cal. Code Regs. tit. 15, § 3485(l).

7

v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  March 1, 2022

/hend0790.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT HENDERSON,

    Plaintiff,

    v.

CALIFORNIA MEDICAL FACILITY,

    Defendant.

No. 2:21-cv-0790 WBS KJN P

NOTICE OF AMENDMENT

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____     Amended Complaint

_____
Plaintiff